IN THE MATTER OF THE PETITION FOR HABEAS CORPUS ON BEHALF OF MARY RILEY.

*Delinquent children — when they may be committed to the house of refuge — 1865, chap. 172, sec. 5.*

Section 5 of chapter 172 of 1865, authorizing magistrates to commit any children under the age of sixteen years "deserting their homes without good and sufficient cause, or keeping company with dissolute or vicious persons against the lawful commands of their fathers, mothers," etc., to the House of Refuge for Juvenile Delinquents, is not inconsistent with any of the provisions of, nor was it repealed by the Penal Code or the Code of Criminal Procedure, and it still remains in full force and effect.

APPEAL from an order made at a Special Term discharging Mary Riley from the custody of the superintendent of the house of refuge.

*George F. Murray*, for the House of Refuge and the People, appellant.

*A. H. Hummel*, for the petitioner, respondent.

DANIELS, J.:

The relator was discharged from custody because it appeared that the commitment stated her age to be that of fifteen years, when it was supposed that the right to commit to the House of Refuge for the Reformation of Juvenile Delinquents, in the city of New York was limited to females not over the age of fourteen years. This view was adopted and followed under the authority of section 291 of the Penal Code, prescribing such a limitation as to age in the cases afterwards provided for.

But the case of the relator was not one of those defined by this or the succeeding section of this Code, but it was provided for by chapter 172 of the Laws of 1865. By the fifth section of that act, authority was given to the magistrate, before whom the proceedings were instituted and carried on, to commit any children under the age of sixteen years "deserting their homes without good and sufficient cause, or keeping company with dissolute or vicious persons, against the lawful commands of their fathers or mothers," etc., to this institution. And it is evident from the language of the commitment that the relator was committed by virtue of that authority. For she was, as the section provides she could be, declared to be a disorderly person who had, without good and sufficient cause, deserted her home and kept company with dissolute or vicious persons, against the lawful commands of her parents. This was a clear statement of facts literally corresponding with what had been required to bring the case within section 5 of chapter 172 of the Laws of 1865. And as the Penal Code in no manner provided for this particular class of cases, the act of 1865 was not repealed by it. For it was not inconsistent with the provisions of the Code, and it was only such acts and part of acts as were inconsistent with its provisions that section 726 declared should be repealed. Beyond that, section 724 of the Penal Code declared that it should not affect any of the provisions of law relating to disorderly persons not inconsistent with this Code. And as there seems to be no inconsistency between the act of 1865 and the enactments of the Code of Criminal Procedure, or of the Penal Code, as this section contemplates, the former law must be held still to be in full force and effect.

It provides for a class of cases for which no inconsistent pro-

vision has since been made. The court, therefore, had jurisdiction to hear this complaint, and on finding it to be established by proof, to commit the relator to this institution. And as no other objection can properly be taken to the proceeding, it follows that the order discharging the relator was unauthorized; and it should be reversed, and the relator again committed to the custody of this institution.

Brady, P. J., concurred.

Present — Brady, P. J., and Daniels, J.

Order reversed.